# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES VERRET, JR.** | **CIVIL ACTION NO.: 21-999** |
| **VERSUS** | **SECTION:** |
| **LOW LAND CONSTRUCTION CO., INC.** | **DISTRICT JUDGE:** |
| | **MAGISTRATE JUDGE:** |

## **COMPLAINT**

Plaintiff, James Verret, Jr., an individual of the full age of majority and domiciled in Jefferson Parish, Louisiana, respectfully represents as follows:

I.

Made Defendant herein is:

A. LOW LAND CONSTRUCTION CO., INC., a corporation, authorized to and doing business in the State of Louisiana, which has appointed David C. Robichaux, as its registered agent for the service of process, whose address is 206 Industrial Avenue C, Houma, Louisiana 70363.

II.

Plaintiff brings this action pursuant to 46 U.S.C. § 30104, more commonly known as the Jones Act.

III.

Jurisdiction of this matter is conferred by 28 U.S.C. §§ 1331 and 1333 (1); venue of this action is pursuant to 28 U.S.C. § 1391 (b) and (c). This action is filed without the prepayment of costs pursuant to 28 U.S.C. § 1916.

IV.

On and prior to May 7, 2021, Defendant, Low Land Construction Co., Inc. (hereinafter "Low Land"), owned and operated a vessel known as the M/V LOW LAND 5.

V.

At all pertinent times, Defendant, Low Land, employed Plaintiff, James Verret, Jr., as a Jones Act seaman assigned to the aforementioned vessel.

VI.

On or about May 7, 2021, Plaintiff was assigned to the M/V LOW LAND 5, which was upon navigable waters and doing barge work. At the time of the incident at issue, Plaintiff was aboard one of the barges and attempting to tie a line. During this process, Plaintiff slipped on rocks left on the barge, which caused him to fall onto the adjacent barge and suffer injuries. This incident resulted from the negligence of Defendant, Low Land, and those in its employ or for whom it is responsible.

VII.

Plaintiff suffered serious injuries to his back and neck; the extent of said injuries, including whether they may result in enduring disability, is currently unknown.

VIII.

The above-described incident was caused by the negligence of Defendant, Low Land, its agents, servants, employees or others for whom it is legally responsible in the following, though not exclusive, particulars:

    A.    By failing to provide Plaintiff with an adequate and properly trained crew;

    B.    By promoting and/or permitting improper work methods and practices;

    C.    By failing to provide Plaintiff with a safe place to work;

    D.    By placing Plaintiff in a dangerous position aboard the barge;

E. By failing to train employees on safe and proper working techniques;

F. By otherwise creating an unreasonable risk of harm or a hazardous condition; and

G. Other acts of negligence that will be demonstrated at the trial of this matter.

IX.

Due to the injuries sustained by Plaintiff, James Verret, Jr., he has experienced physical disability, has suffered severe physical and mental pain and anguish, embarrassment, and is entitled to recover from Defendant, Low Land, the sum of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS.

SECOND CAUSE OF ACTION

X.

And now, Plaintiff, James Verret, Jr., alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs.

XI.

Under the general maritime law, it was the duty of Defendant, Low Land, as the owner and operator of the M/V LOW LAND 5 and the barges attached or being attached thereto, to furnish its seamen employees with a safe place to work, with safe gear, appurtenances and equipment, with an adequate crew and a seaworthy vessel.

XII.

Plaintiff shows that at the time and place of the occurrence of the incident, on or about May 7, 2021, Plaintiff was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen and, therefore, was owed the warranty of seaworthiness by Defendant, Low Land.

XIII.

Plaintiff avers that the failure of Defendant, Low Land, to provide Plaintiff with a safe place to work, by failing to provide an adequate and properly trained crew, by promoting and/or permitting improper work methods and practices, by placing Plaintiff in a dangerous position, and by failing to train employees on safe and proper working techniques renders the M/V LOW LAND 5 unseaworthy, and that the unseaworthiness was a proximate cause of Plaintiff's incident and injuries, and his resulting illness and disability.

THIRD CAUSE OF ACTION

XIV.

Now, Plaintiff, James Verret, Jr., alleges a third cause of action under the general maritime law for wages, maintenance and cure, past and future, and reiterates all of the allegations contained in the first two causes of action.

XV.

Plaintiff avers that he is entitled additionally to wages, maintenance and cure, at the rate of SIXTY-FIVE AND NO/100 ($65.00) DOLLARS per day, for any period after May 7, 2021, wherein Defendant has not paid Plaintiff wages, maintenance and cure, and to an undetermined date in the future during which he is unable to work and perform his duties as a seaman and has not reached maximum cure, which Plaintiff estimates to be in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, and demands compensatory and punitive damages and attorney's fees in the event he is required to pursue by proper procedure the recovery of said maintenance and cure.

JURY DEMAND

That, pursuant to the provisions of the aforesaid 46 U.S.C. § 30104, more commonly known as the Jones Act, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, James Verret, Jr., demands a judgment against Defendant, Low Land Construction Co., Inc., in the sum of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($1,500,000.00) DOLLARS, with legal interest from the date of injury, together with all costs and disbursements of this action, for all appropriate and general relief and for a trial by jury.

Plaintiff further demands judgment against Defendant, Low Land Construction Co., Inc., for wages, maintenance and cure in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS. Further, in the event it becomes necessary to pursue collection of maintenance and cure, Plaintiff demands compensatory and punitive damages, as well as attorneys' fees, against Defendant.

Plaintiff further prays for all general, legal, equitable and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

Respectfully submitted:

_____
**C. ARLEN BRAUD, II, #20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Ste. 201
Mandeville, LA 70448
Telephone: (985) 778-0771
Facsimile: (985) 231-4663
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
***Counsel for Plaintiff, James Verret, Jr.***

**TO BE SERVED BY SUMMONS:**

LOW LAND CONSTRUCTION CO., INC.
*Through its registered agent for service:*
David C. Robichaux
206 Industrial Avenue C
Houma, Louisiana 70363